13283

STATE v. DEAN *ET AL.*

(161 S. E., 449.)

214

*Messrs. Ed. W. Johnston* and *Wm. Alton Crow,* for appellants,

*Mr. Samuel R. Watt, Solicitor,* for the State.

December 1, 1931.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The appellants were convicted at the April, 1931, term of the Court of General Sessions for Spartanburg County, of the crime of murder, upon an indictment which charged them with the felonious slaying of Haskell Hill, and sentenced to be electrocuted. When brought to trial, they were without counsel. His Honor, Judge Ramage, appointed Messrs. Ed. W. Johnson and W. A. Crow to defend them, and they have faithfully discharged this unwelcome duty. Upon arraignment, the defendants entered pleas of not guilty.

Then counsel moved for a change of venue, which motion was denied.

They then moved for a continuance of the case, which motion was also refused.

Next they moved for separate trials. This motion, too, was denied.

It is conceded by defendants' counsel that each of these motions was addressed to the sound discretion of the presiding Judge.

The State's attorney admits that this discretion is a judicial function and is not the arbitrary exercise of the judgment or the will of the Court.

The first motion for change of venue was predicated upon the alleged inflamed condition of the public mind in and about the homicide. There is an utter failure to show that there was such a state of public opinion as would deprive defendants of a fair and impartial trial.

The motion for continuance failed to show that, if further time were given defendants' counsel they could have had present desired and necessary witnesses or do some other necessary thing in defendants' interest. Indeed, no grounds in support of the motion appear in the record, except that one defendant, it was alleged, was deranged and one had a venereal disease. The Court offered to give counsel till the next week to get ready for trial. They declined to avail themselves of it. There was no abuse of discretion here.

Nor was there any abuse of discretion in refusing the motion for separate trials. No sufficient ground in support of the motion appears.

The refusal of these motions is made the basis of this appeal, and the appeal is disposed of by what is said above.

Moreover, the appeal has now become an academic thing. Before the trial, and on trial, both defendants admitted that they killed Mr. Hill. True, they say they did not intend to kill him but only to stun him and rob him. But they struck him with an iron instrument well calculated to produce death, and which did produce it.

This plea that they did not intend to kill might have been used in argument to induce the jury to recommend defendants to the mercy of the Court, and thus automatically reduce the sentence from death to life im-

prisonment; but it can have no weight with this Court in the determination of the merits of this appeal. Its functions are confined to the discussion of the questions of law made by the record. It is an axiom of the law that one intends the probable and natural consequences of his act.

The appeal is dismissed, and the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.

MR. JUSTICE COTHRAN not participating on account of illness.